# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE CADE,<br><br>        Plaintiff,<br><br>   v.<br><br>JEANNE WOODFORD, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-CV-00060 OWW SMS P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE AMEND<br><br>(Doc. 1)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL SET FORTH IN COMPLAINT<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Lafayette Cade ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action for injunctive relief on January 17, 2006.[1] Plaintiff names former California Department of Corrections and Rehabilitation (CDCR) Director Jeanne S. Woodford, Pleasant Valley State Prison (PVSP) Warden James Yates, and Does 1-10 as defendants.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Plaintiff is no longer incarcerated at Pleasant Valley State Prison. Therefore, his claims for injunctive relief are moot. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
8  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.
9  506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short
10 and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro.
11 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
12 and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a
13 complaint only if it is clear that no relief could be granted under any set of facts that could be proved
14 consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately
15 prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may
16 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
17 test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
18 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
19 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
20 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a
21 plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal
22 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
23 initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
24 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

25      B.    Plaintiff's Claims
26  The Civil Rights Act under which this action was filed provides:
27      Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
28      of any rights, privileges, or immunities secured by the Constitution .

2

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The only two named defendants in this action are the former CDCR Director and PVSP's warden. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). Plaintiff's complaint is devoid of facts sufficiently linking the named defendants to any actions or omissions that violated plaintiff's constitutional rights.

Further, plaintiff's complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need

only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's complaint does not in compliance with Rule 8(a), because it does not consist of a short and plain statement of plaintiff's claims, and it does not provide defendants Woodford and Yates with fair notice of what they did or did not do that allegedly violated plaintiff's rights. In addition, plaintiff's lengthy allegations consist largely of facts which do not support any claims for relief and/or are factually fanciful. For example, plaintiff alleges in part that he is being "battered . . . by adverse substances administered to him through his air food and water," and that defendants "employed undetectable machine units that plaintiff believes transmitted modulated magnetic and or electronic force beams or similar type force that was used to repeatedly pound his head, heart, and lungs - as if said body parts were being struck with a hard material object - at times when he was in his cell, in the dayroom of his housing building, and on the prison exercise yard . . . ." (Comp., ¶¶3, 8.) These allegations are fanciful.

### C.    Motion for Appointment of Counsel

In his complaint, plaintiff sets forth a request for the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

D.    Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983 and fails to comply with Rule 8(a). The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983 and failure to comply with Rule 8(a);
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint;
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

5

1       5.     Plaintiff's motion for the appointment of counsel is DENIED.

3 IT IS SO ORDERED.

4 **Dated:     August 23, 2006**                    **/s/ Sandra M. Snyder**
  icido3                                             UNITED STATES MAGISTRATE JUDGE